IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **BMO HARRIS BANK N.A.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23cv59LG-RPM |
| ) | |
| **LNM ENTERPRISES LLC and** ) | |
| **LINCOY MOLIERE,** ) | |
| ) | |
| Defendants. ) | |

### VERIFIED COMPLAINT FOR DAMAGES, CLAIM & DELIVERY, SPECIFIC PERFORMANCE, AND INJUNCTIVE RELIEF

Plaintiff, BMO Harris Bank N.A., by its attorneys, and in support of its Verified Complaint for Damages, Claim & Delivery, Specific Performance, and Injunctive Relief (the "Complaint"), states as follows:

### PARTIES

1. Plaintiff, BMO Harris Bank N.A. ("Plaintiff"), at all relevant times, was and is a national banking association with its main office in Chicago, Cook County, Illinois. At all times, Plaintiff was and is authorized to transact business in the State of Mississippi.

2. Defendant, LNM Enterprises LLC ("Borrower"), is a Louisiana limited liability company with its principal place of business in Diamondhead, Mississippi. Upon information and belief, the members of Borrower are Lincoy Moliere and Nicole Moliere, both of whom are citizens and residents of the State of Mississippi. No member of Borrower is a citizen of Illinois. Borrower can be served with process through its registered agent, Lincoy Moliere at 996 Halawa Court, Diamondhead, Mississippi.

1

3. Defendant, Lincoy Moliere ("Guarantor" and together with Borrower, the "Defendants"), was and is an individual domiciled within, and a citizen of, the State of Mississippi and may be served with process at 996 Halawa Court, Diamondhead, Mississippi.

## JURISDICTION AND VENUE

4. The parties are of diverse citizenship.

5. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

7. This court has personal jurisdiction over the Defendants as Borrower is a Louisiana limited liability company registered and operating a business within the State of Mississippi and Guarantor is an individual residing in the State of Mississippi.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Borrower's principal place of business is located in Hancock County, Mississippi, and Guarantor resides in Hancock County, Mississippi.

## FACTUAL ALLEGATIONS

9. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though set forth fully herein.

### The Agreements

10. On or about January 24, 2022, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "First Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein, and Borrower agreed to repay Plaintiff the amount set forth

therein pursuant to the terms thereof. A true and correct copy of the First Agreement is attached hereto as "**Exhibit A**."

11. On or about February 4, 2022, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Second Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein, and Borrower agreed to repay Plaintiff the amount set forth therein pursuant to the terms thereof. A true and correct copy of the Second Agreement is attached hereto as "**Exhibit B**."

12. On or about March 16, 2022, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Third Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein, and Borrower agreed to repay Plaintiff the amount set forth therein pursuant to the terms thereof. A true and correct copy of the Third Agreement is attached hereto as "**Exhibit C**."

13. On or about May 5, 2022, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Fourth Agreement" and together with the First Agreement, Second Agreement and Third Agreement, the "Agreements"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein, and Borrower agreed to repay Plaintiff the amount set forth therein pursuant to the terms thereof. A true and correct copy of the Fourth Agreement is attached hereto as "**Exhibit D**."

14. Plaintiff performed all of its obligations under the Agreements and did, in fact, finance Borrower's purchase of the equipment described therein.

15. Borrower thereafter began making monthly payments to Plaintiff.

## The Collateral

16. Pursuant to the Agreements, Borrower granted Plaintiff a first-priority security interest in the equipment described therein, including all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto (collectively, the "Collateral"). In summary, the Collateral consists of the following:

| Year | Make | Model | Desc. | VIN |
|------|------|-------|-------|-----|
| 2016 | Peterbilt | 579-Series | Tractor | 1XPBDP9X6GD307955 |
| 2017 | Kenworth | T680-Series | Tractor | 1XKYD49X9HJ144171 |
| 2017 | Kenworth | T-680 Series | Tractor | 1XKYDP9X7HJ150925 |
| 2018 | Kenworth | T-680 Series | Tractor | 1XKYDP9X8JJ193658 |

17. Plaintiff properly perfected its security interests in the Collateral by recording its liens on the certificates of title for each unit of the Collateral. True and correct copies of the Certificates of Title for the Collateral are attached hereto as "**Exhibit E**."

## The Guaranties

18. To induce Plaintiff to enter into the Agreements, Guarantor unconditionally guaranteed the present and future performance of Borrower under the Agreements (the "Guaranties"). True and correct copies of the Continuing Guaranties executed by Guarantor dated January 24, 2022, February 4, 2022, March 16, 2022, and May 5, 2022, are attached hereto as "**Exhibit F**."

19. Plaintiff relied upon the Guaranties as it performed its obligations under the Agreements, including financing Borrower's purchase of the equipment described in the Agreements.

**Defaults by Defendants**

20. Under the terms and conditions of the Agreements, failure to make a payment when due is considered an event of default. *See e.g.*, Exhibit A, ¶ 5.1(a).

21. Borrower is in default under the Agreements.

22. Specifically, Borrower failed to make payments as they became due under the Agreements.

23. More Specifically, Borrower failed to make the November 1, 2022, payment due under each of the Agreements. Borrower's defaults under the Agreements are continuing.

24. Guarantor is in default under the Guaranties.

25. Guarantor failed to make payments pursuant to the Guaranties when they became due under the Agreements. Guarantor's defaults under the Guaranties are continuing.

26. Pursuant to the terms of the Agreements, the entire amounts due thereunder have been accelerated. The principal amount due and owing after acceleration totals not less than $279,054.09.

27. Under the Agreements, Borrower is obligated to pay interest on all unpaid amounts at the default interest rate of one and one-half percent (1.5%) per month or the maximum rate not prohibited by applicable law. Interest is calculated based on a 360-day year consisting of twelve 30-day months.

28. Default interest continues to accrue under the Agreements in the total amount of $139.53 *per diem*.

29. In addition, under the Agreements, Borrower is obligated to pay late charges and other fees due under the Agreements.

30. In addition, under the Agreements, upon default, Borrower is obligated to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral.

31. In addition, under the Agreements, Borrower is obligated to pay the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit.

32. Calculated as of February 13, 2023, the amount due and owing under the Agreements, not including attorneys' fees and expenses or costs of collection, is an amount not less than $294,003.80.

33. Under the Guaranties, Guarantor is obligated to pay Plaintiff all amounts due to Plaintiff by Borrower under the Agreements, without limitation.

34. Pursuant to the Agreements, upon Borrower's default thereunder, Borrower is obligated to immediately turn over to Plaintiff possession of the Collateral.

35. Plaintiff notified Defendants of their defaults under the Agreements and the Guaranties and made demand that Borrower surrender possession of the Collateral to Plaintiff and that Defendants pay the amounts due under the Agreements and the Guaranties.

36. By letters dated February 14, 2023, Plaintiff notified Defendants of its election to accelerate the amount due and owing under the Agreements and made written demand upon Defendants to pay the amounts due and to surrender possession of the Collateral. True and correct copies of the letters dated February 14, 2023, are attached hereto as "**Exhibit G**."

37. Despite express demand, Defendants have failed and refused to pay the amount due and owing under the Agreements and the Guaranties.

38. Despite express demand, Borrower has failed or refused to surrender the Collateral to Plaintiff.

HB: 4871-2395-1442.2

## COUNT I
## Breach of Contract (Borrower)

39. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as though fully set forth herein.

40. The Agreements represent written contracts between Borrower and Plaintiff.

41. Plaintiff has performed all terms and conditions of the Agreements to be performed by Plaintiff.

42. As a result of Borrower's breach, Plaintiff exercised its right to accelerate the unpaid balance due under the Agreements.

43. Plaintiff has made demand upon Borrower, but Borrower has failed to satisfy the indebtedness.

44. As a result, Plaintiff has been damaged by Borrower's failure or refusal to remit payment due under the Agreements.

45. Pursuant to the terms of the Agreements, Borrower is obligated to indemnify Plaintiff for any reasonable costs, including attorneys' fees, that Plaintiff incurs in enforcing its rights under the Agreements. Plaintiff has already incurred attorneys' fees and costs and will continue to incur such fees and costs throughout the proceedings.

46. Borrower has waived its right to a jury trial.

47. For the reasons set forth above, Borrower is liable to Plaintiff for breach of contract, plus interest accruing each day and costs of collection, plus all reasonable attorneys' fees and costs incurred in enforcing its rights under the Agreements.

## COUNT II
## Breach of Contract (Guarantor)

48. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as though fully set forth herein.

49. The Guaranties represent written contracts between Guarantor and Plaintiff.

50. Plaintiff has performed all terms and conditions of the Guaranties to be performed by Plaintiff.

51. As a result of Borrower's breach, Plaintiff exercised its right to accelerate the unpaid balance due under the Guaranties pursuant to the Agreements.

52. Plaintiff has made demand upon Guarantor, but Guarantor has failed to perform under the Guaranties and satisfy the indebtedness.

53. As a result, Plaintiff has been damaged by Guarantor's failure or refusal to remit payment due under the Guaranties pursuant to the Agreements.

54. Pursuant to the terms of the Guaranties, Guarantor is obligated to indemnify Plaintiff for any reasonable costs, including attorneys' fees, that Plaintiff incurs in enforcing its rights under the Agreements and Guaranties. Plaintiff has already incurred attorneys' fees and costs and will continue to incur such fees and costs throughout the proceedings.

55. Guarantor has waived his right to a jury trial.

56. For the reasons set forth above, Guarantor is liable to Plaintiff for breach of contract, plus interest accruing each day and costs of collection, plus all reasonable attorneys' fees and costs incurred in enforcing its rights under the Guaranties.

## COUNT III
## Claim & Delivery

57. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as though fully set forth herein.

58. This claim is brought pursuant to Federal Rule of Civil Procedure 64 and Miss. Code. § 11-38-1, *et seq*.

59. Pursuant to the Agreements, Borrower granted Plaintiff a first-priority security interest in the Collateral.

60. Plaintiff's security interest in the Collateral is enforceable.

61. Pursuant to the Agreements, upon default by Borrower, Plaintiff is lawfully entitled to immediate possession of the Collateral.

62. Borrower is in default under the Agreements for failure to make payments and is not lawfully entitled to possession of the Collateral.

63. The Collateral is wrongfully detained by Borrower.

64. The Collateral has not been taken for any tax, assessment, or fine levied by virtue of any law of the state against the property of Plaintiff, or against Plaintiff, nor seized under any lawful process against the goods and chattels of Plaintiff subject to that lawful process, nor held by virtue of any order for possession against Plaintiff.

65. Based upon the best knowledge, information, and belief of Plaintiff, no one other than Plaintiff and Borrower have any claim or interest in the Collateral.

66. Based upon the best knowledge, information, and belief of Plaintiff, and in the absence of an inspection and assuming that the Collateral is in immediately salable condition, for purposes of setting bond only and not as an admission of value, Plaintiff estimates the total value of the Collateral to be approximately $189,125.

67. Calculated as of February 13, 2023, the Collateral secures debts due and owing under the Agreements, not including attorneys' fees and expenses or costs of collection, is an aggregate amount not less than $294,003.80. *See* Plaintiff's itemized accounting, a true and correct copy of which is attached hereto as "**Exhibit H**."

68. Based upon the terms of the Agreements, when not in use the Collateral is kept at 996 Halawa Court, Diamondhead, Hancock County, Mississippi, but the Collateral may not be present at such location at any given time. Based upon the best knowledge, information, and belief of Plaintiff, the Collateral is constantly moving or not present in any one location for a prolonged period of time.

69. Plaintiff claims the value of the Collateral not delivered to the officer by virtue of the enforcement of an order of possession.

## COUNT IV
### Specific Performance

70. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as though fully set forth herein.

71. In the event of default by Borrower under the Agreements, Borrower is obligated to return the Collateral at its expense to any location that Plaintiff directs.

72. In the event of default by Borrower under the Agreements, Plaintiff is entitled to take possession of the Collateral or to direct Borrower to remove it to a place deemed convenient by Plaintiff.

73. In the event of default by Borrower under the Agreements, Plaintiff is entitled to repossess and remove the Collateral, wherever located.

74. Plaintiff has performed its obligations under the Agreements, and is ready, willing, and able to perform under the Agreements.

75. Despite demand by Plaintiff, Borrower has failed to cure its defaults under the Agreements and has failed to return the Collateral to Plaintiff.

## COUNT V
## Injunctive Relief

76. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as though fully set forth herein.

77. This claim is brought pursuant to Federal Rule of Civil Procedure 65.

78. Borrower continues to possess and utilize, or is capable of utilizing, the Collateral for commercial purposes.

79. On any given day the Collateral is located, or is capable of being located, in diverse places throughout Mississippi and surrounding states.

80. The Collateral is used to transport goods across the country and may not be in any one location for a prolonged period of time.

81. The Collateral depreciates and deteriorates as a result of its continued use by Borrower, with no commensurate value being conferred to Plaintiff in the form of payments due and owing from Borrower.

82. Plaintiff will suffer irreparable injury for which no adequate remedy at law exists unless Borrower and other persons and firms having knowledge of this injunction are (a) enjoined from continuing to use the Collateral; (b) ordered to advise Plaintiff of the location of the Collateral; and (c) ordered to surrender the Collateral to Plaintiff.

**WHEREFORE**, Plaintiff BMO Harris Bank N.A. prays for the following relief:

A. Under Count I, that the Court enter judgment in Plaintiff's favor and against Borrower in the amounts due under the Agreements, the exact amount to be proven at or before trial, plus additional interest accruing each day and costs of collection;

B. Under Count II, that the Court enter judgment in Plaintiff's favor and against Guarantor in the amounts due under the Guaranties pursuant to the Agreements, the exact amount to be proven at or before trial, plus additional interest accruing each day and costs of collection;

C. Under Count III, that the Court enter judgment in Plaintiff's favor and against Borrower for claim and delivery, granting possession of the Collateral to Plaintiff;

D. Under Count IV, that the Court enter judgment in Plaintiff's favor and against Borrower for specific performance, directing Borrower to specifically perform its obligations under the Agreements, and to return and allow the removal of the Collateral;

E. Under Count V, that the Court enter judgment in Plaintiff's favor and against Borrower for injunctive relief as follows:

 i. Borrower and other persons and firms having knowledge of the injunction, including without limitation the officers and members of Borrower having knowledge of the injunction, be temporarily, preliminarily, and permanently enjoined from using the Collateral as of the date of entry of the injunction order;

 ii. Borrower be ordered to disclose to Plaintiff the precise location of the Collateral in order for Plaintiff to reclaim it;

 iii. Borrower be ordered to recover the Collateral in the hands of third parties for delivery to Plaintiff;

 iv. Borrower be temporarily, preliminarily, and permanently enjoined from restricting access of Plaintiff to the Collateral; and

 v. Borrower and other persons and firms having knowledge of the injunction, including without limitation the officers and members of Borrower having

knowledge of the injunction, be ordered to surrender possession of the Collateral to Plaintiff.

F. That the Court award Plaintiff its reasonable attorneys' fees and costs incurred as a result of enforcing its rights under the Agreements and Guaranties, including but not limited to the prosecution of this action; and

G. For such other relief as this Court deems just and equitable

Dated: March 3, 2023.                                      Respectfully Submitted,

**HUSCH BLACKWELL LLP**

*/s/ Ryan A. Burgett*
Ryan A. Burgett, Esq., Bar No. 105090
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
(423) 266-5500
(423) 266-5499 (fax)
Ryan.Burgett@huschblackwell.com
***Attorneys for BMO Harris Bank N.A.***

HB: 4871-2395-1442.2

## **VERIFICATION**

I, the undersigned, Nolan Broadie, am employed by Plaintiff, BMO Harris Bank N.A., as a Litigation Specialist. As such, I have personal knowledge of the facts set forth in the attached Complaint. I have reviewed the allegations of fact set forth in the Complaint, and based on my personal knowledge and the documents and records of Plaintiff, hereby verify that said facts are true, correct, and accurate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 1st, 2023

_____

Nolan Broadie

HB: 4871-2395-1442.2