IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BMO HARRIS BANK N.A.**                                                                              **PLAINTIFF**

v.                                                                       **CAUSE NO. 1:23-cv-59-HSO-RPM**

**LNM ENTERPRISES LLC and**
**LINCOY MOLIERE**                                                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING MOTION [31] TO DISMISS

BEFORE THE COURT is the Motion [31] to Dismiss Lincoy Moliere Without Prejudice filed by Plaintiff, BMO Harris Bank N.A. ("Plaintiff"). Neither defendant has responded to the Motion. Upon review of the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the [31] Motion to Dismiss Lincoy Moliere Without Prejudice should be granted.

### I. BACKGROUND

On March 3, 2023, Plaintiff filed in this Court the instant Complaint [1] against Defendants LNM Enterprises, LLC and Lincoy Moliere. The Complaint alleges breach of several Loan and Security Agreements entered into by Plaintiff and Defendant LNM Enterprises LLC, whereby Defendant borrowed funds from Plaintiff against a security interest in four tractors. Compl. [1] ¶¶ 10-17. Defendant, Lincoy Moliere, signed on as Guarantor. *Id.* ¶¶ 18-19. Plaintiff alleges that Defendants are in default of their payments, including interest and fees, and have refused to surrender the collateral to Plaintiff to satisfy the debt. *Id.* ¶¶ 20-38. Plaintiff alleges breach of contract against the borrower, Defendant LNM

Enterprises, LLC, breach of contract against the guarantor, Defendant Lincoy Moliere, an action for Claim and Delivery of the collateral, an action for specific performance for delivery of the collateral, and a request for an injunction against Defendants' continued use of the collateral.  *Id*. ¶¶ 39-82.  Service was made on both Defendants thereafter.

On March 15, 2023, a *pro se* Answer [6] to the Complaint was filed by Defendant Lincoy Moliere, apparently on behalf of both himself and Defendant LNM Enterprises, LLC.  In response, Plaintiff filed a Motion [7] to Strike the Answer to the extent Defendant Moliere purported to represent the Defendant LLC.  Defendant Moliere filed a Response [11], ostensibly continuing to represent both himself and the LLC.  After advising the Defendant LLC of the necessity of retaining counsel and allowing the Defendant LLC fourteen (14) days in which to do so, *see* Mem. Opinion & Order [19], and after no counsel entered an appearance, the Court struck the Answer [6] to the extent it purported to be a filing on behalf of the Defendant LLC.  *See* Mem. Opinion & Order Granting in Part Mot. Strike [20].

Separately, on March 24, 2023, Plaintiff filed a Motion [9] for Preliminary Injunction and Prejudgment Writ of Possession, seeking immediate delivery of the collateral.  The Court set a hearing on this matter, which neither Defendant attended.  After the hearing, the Court issued a Preliminary Injunction [24] which largely enjoined Defendant LNM Enterprises LLC from "damaging, diminishing, removing, concealing, transferring, converting, selling, or taking any action whatsoever which would impair Plaintiff's rights in the property which is the

subject of this action" and which required it to surrender the collateral to Plaintiff. *See* Prelim. Inj. [24]. A Writ of Possession [25] was also issued, immediately entitling Plaintiff to recover the collateral.

On June 30, 2023, this matter was stayed with respect to Defendant Moliere due to a Suggestion of Bankruptcy [15] indicating that Mr. Moliere filed a Chapter 7 bankruptcy petition and commenced proceedings under docket number 23-50886-KMS in the United States Bankruptcy Court for the Southern District of Mississippi. *See* Order Staying Proceedings [16]. However, Plaintiff has notified the Court that the bankruptcy court entered an Order of Discharge on November 21, 2023 as to Defendant Moliere's debts, which Order is attached to Plaintiff's Motion. *See* Ex. [32-1].

Since Defendant Moliere's original *pro se* filings, neither Defendant has participated in this case. Because the *pro se* filings were stricken to the extent they purported to be made on behalf of Defendant LNM Enterprises LLC, the LLC has made no filing or other appearance before the Court. As such, on October 5, 2023, the Clerk of Court entered default as to the Defendant LLC. *See* Clerk's Entry of Default [22]. On January 19, 2024, Plaintiff followed up with a Motion [28] for Default Judgment against the Defendant LLC. In the Motion, Plaintiff asked the Court to enter a default judgment as to its claims against Defendant LNM Enterprises, LLC. Specifically, BMO Harris Bank N.A. seeks default judgment as to its claim for breach of contract against the borrower, *see* Compl. [1] ¶¶ 39-47, and

for claim and delivery, *see id.* ¶¶ 57-69, specific performance, *see id.* ¶¶ 70-75, and for injunctive relief, *see id.* ¶¶ 76-82.

This matter was reassigned to the undersigned on March 18, 2024. *See* Order Reassigning Case [30]. The Court held a hearing on the Motion [28] for Default Judgment on March 27, 2024, which neither defendant attended. At the hearing, the Court noted that Defendant Moliere remained a party in the case, but that Plaintiff was not seeking default judgment against him due to his bankruptcy. The Court then recounted the rule that "'when default is entered against one defendant in a multi-defendant case, a court may prefer to withhold granting a default judgment until a decision on the merits against the remaining defendants has been entered.'" *Jones v. Cixi Jiangnan Chem. Fiber Co., LTD.*, No. 1:21CV119-GHD-DAS, 2023 WL 6528753, at *1 (N.D. Miss. Sep. 13, 2023) (citation omitted). However, given the fact that Mr. Moliere was in bankruptcy, the Court drew attention to the case of *Helena Agri-Enterps., LLC v. Grand Oak Farms*, No. 3:23CV193-DPJ-FKB, 2023 WL 7713645 (S.D. Miss. Nov. 15, 2023). The Court observed that this case recently dealt with similar factual circumstances and directed Plaintiff to consider it. Ultimately, the Court took the Motion [28] for Default Judgment under advisement and gave Plaintiff 21 days to sort out the issues and renew its request for a default judgment.

On April 17, 2024, Plaintiff attempted to rectify the problem with two Motions—a Motion [31] to Dismiss Lincoy Moliere Without Prejudice and a Renewed Motion [33] for Default Judgment as to Defendant LNM Enterprises LLC.

All three of these Motions remain pending, and neither Defendant has responded to them.[1]  The issues are now ready for disposition by the Court.

## II. DISCUSSION

In response to the Court's concerns at the hearing, Plaintiff has moved to dismiss Lincoy Moliere without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Under this Rule, "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper," subject to exceptions contained in Rule 41(a)(1).  *See* Fed. R. Civ. P. 41(a)(2).

In the Motion [32] to Dismiss, Plaintiff writes:

> Dismissal of Moliere without prejudice from this action is proper at this juncture due to Moliere's bankruptcy filing, the conclusion of Moliere's Bankruptcy Case by virtue of the Order of Discharge, and the fact that dismissal of the action against Moliere will cause no prejudice to any other party to this lawsuit.

Mem. [32] ¶ 9.  Plaintiff argues that the bankruptcy discharge enjoins it "from pursuing the debtor for personal liability," but "the debts are not extinguished or canceled," also noting the theoretical possibility that a bankruptcy discharge can later be revoked.  *Id.* ¶ 11 (citing 11 U.S.C. § 727(d)).  Thus, Plaintiff is concerned

---

[1] The record indicates that the Complaint was served on Defendant LNM Enterprises LLC through Mr. Moliere—who is designated by law to accept service on its behalf—at Mr. Moliere's Diamondhead address on March 6, 2023.  *See* Proof of Service [4].  Further, all relevant motions filed by Plaintiff—the Motion [28] for Default Judgment, Motion [31] to Dismiss Lincoy Moliere Without Prejudice, and Renewed Motion [33] for Default Judgment—contain a Certificate of Service to the effect that movant served the motions on LNM Enterprises, LLC, at Mr. Moliere's address in Diamondhead, Mississippi. The Court also mailed notices of the default judgment hearing—and notices that the hearing had been reset—to Mr. Moliere individually at his Diamondhead address, to Mr. Moliere as registered agent for LNM Enterprises LLC, and finally to LNM Enterprises LLC at its address in Slidell, Louisiana.

that a dismissal *with* prejudice "would give rise to a final, appealable judgment" for purposes of *res judicata*, in effect an adjudication "that Moliere's obligation under the Guaranty is satisfied or does not exist, a consequence outside the scope of the bankruptcy discharge." *Id.* ¶ 12. Hence, Plaintiff requests dismissal of Moliere *without* prejudice. *Id.*

Before dismissing this defendant without prejudice, the Court must first acknowledge the so-called "'finality trap.'" *See Helena Agri-Enterps., LLC*, 2023 WL 7713645, a \*2 (quoting *Williams v. Seidenbach*, 958 F.3d 341, 343 (5th Cir. 2020)). "In the Fifth Circuit, 'there is no final decision if a plaintiff voluntarily dismisses a defendant without prejudice, because the plaintiff is entitled to bring a later suit on the same cause of action.'" *Helena Agri-Enterps., LLC*, 2023 WL 7713645, at \*2 (quoting *Williams*, 958 F.3d at 343). "This 'finality trap' means that a plaintiff dismissing one defendant without prejudice and pursuing the remaining defendants may be stuck without an appealable final judgment." *Helena-Agri-Enterps., LLC*, 2023 WL 7713645, at \*2 (citation omitted). *Helena* recited some of the potential solutions to this problem—"amending the complaint, severing a party, obtaining a partial final judgment under Rule 54(b), or simply choosing voluntary dismissal with prejudice, not without." *Id.* (citation omitted). The *Helena* plaintiffs ultimately opted for Rule 21 severance to sidestep the finality trap. *Helena Agri-Enterps., LLC v. Grand Oak Farms*, No. 3:23CV193-DPJ-FKB, 2023 WL 11157906 (S.D. Miss. Dec. 18, 2023). The Court referred to these same possibilities at the hearing on this matter and directed Plaintiff to the *Helena* case. Despite the threat

of the "finality trap," Plaintiff has elected to move forward with dismissal of Mr. Moliere without prejudice.

The Court is satisfied that the instant case is distinguishable from those presented in the "finality trap" cases. The general rule is that "[a] party finds itself in the finality trap when it obtains a partial judgment in the district court and voluntarily dismisses its remaining claims without prejudice." *Jefferson v. Wilmington Savings Fund Soc.*, No. 20-50232, 2022 WL 7265503, at *1 (5th Cir. Oct. 12, 2022). Later Fifth Circuit opinions have held that the "finality trap" is averted where the plaintiff dismisses parties or claims without prejudice *before* the Court enters the final decision sought to be appealed. *See United States v. Eli Lilly & Co., Inc.*, 4 F.4th 255, 260 (5th Cir. 2021) ("We decline to create a circuit split and conclude that the prior without-prejudice dismissals did not deprive the district court's subsequent decision of finality."); *Stevens v. St. Tammany Parish Gov't*, 17 F.4th 563, 569 n. 3 (5th Cir. 2021) ("While a plaintiff's voluntary dismissal of one defendant without prejudice may preclude our appellate jurisdiction in a multiple-defendant suit, . . . it does not defeat jurisdiction where, as here, the voluntary dismissal occurs 'before the adverse order.'") (internal citations omitted). A later judgment will be final if it "'adjudicate[s] all the claims against all the remaining parties in the action at the time it [is] entered.'" *Eli Lilly & Co., Inc.*, 4 F.4th at 261 (quoting *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1266 (11th Cir. 1999)). Therefore, there is authority to the effect that the "finality trap" is a nonissue under the facts presented here.

### III. CONCLUSION

Because the Court is satisfied that Plaintiff understands the issues and has nonetheless opted to proceed, the Court finds good cause to grant the Motion. The Motion [31] to Dismiss will be granted and Defendant Lincoy Moliere will be dismissed without prejudice. With Mr. Moliere dismissed, this matter may be set for hearing on the Motion [28] for Default Judgment and Renewed Motion [33] for Default Judgment.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [31] to Dismiss Lincoy Moliere Without Prejudice filed by Plaintiff, BMO Harris Bank N.A., is **GRANTED**, and Plaintiff's claims against Defendant Lincoy Moliere are **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED AND ADJUDGED** this the 29th day of April, 2024.

*s/ Halil Suleyman Ozerden*
HAILIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE