IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BMO HARRIS BANK N.A.**                                                      **PLAINTIFF**

**v.**                                              **CAUSE NO. 1:23-cv-59-HSO-RPM**

**LNM ENTERPRISES LLC and**
**LINCOY MOLIERE**                                              **DEFENDANTS**

## JUDGMENT OF DEFAULT

THIS CAUSE is before this Court on Motion [33] of the Plaintiff, BMO Bank N.A. f/k/a BMO Harris Bank N.A. ("Plaintiff"), on its Renewed Request for Default Judgment (the "Motion"), and this Court, being fully advised in the premises and having reviewed the Plaintiff's Memorandum [34] of Authorities and allowed oral argument, and in consideration of the entire record herein, finds that good cause exists to GRANT Plaintiff's Motion [33] for the reasons stated on the record at the May 30, 2024, hearing in this case, including those set forth below:

1. On March 3, 2023, Plaintiff filed its Verified Complaint [1] for Damages, Claim & Delivery, Specific Performance, and Injunctive Relief ("Verified Complaint") against the Defendants in the above-captioned matter. As set forth in the Verified Complaint [1], Plaintiff sought to recover certain damages related to certain defaults by the Defendants under the loan and security agreements and continuing guaranty.

2. On March 3, 2023, by request of Plaintiff, the Clerk issued a Summons for Defendants.

3. On March 6, 2023, Defendant LNM Enterprises LLC was served through its registered agent, Lincoy Moliere, with copies of the Summons and Verified Complaint [1]. Lincoy Moliere was also joined in this matter as a guarantor, but has since been dismissed from this matter. [Doc. 31, 35]. This request for Default Judgment only pertains to the corporate Defendant, LNM Enterprises LLC.

4. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), the deadline for LNM Enterprises LLC ("LNM") to serve its answer or other responsive pleading was on or before March 27, 2023. LNM filed an "Answer" pro se, vis a vis Lincoy Moliere, a non attorney, on March 15, 2023. [Doc. 6].

5. On September 29, 2023, this Court entered its Memorandum Opinion and Order [20] Striking the Answer of LNM for its failure to retain a licensed attorney to represent it before this Court. 28 U.S.C. § 1654. LNM has failed to file an answer in this matter. The Plaintiff filed a Motion [21] for Clerk's Entry of Default on October 4, 2023 and the Clerk entered a Default [22] against LNM on October 5, 2023. This matter is now before this Court on the Plaintiff's renewed Motion for Default Judgment [Doc. 33].

6. The Court conducted a hearing on the Plaintiff's Motion [33] on May 30, 2024. Notice of the hearing was provided to LNM by Plaintiff and the Court and notwithstanding, LNM failed to attend and participate in the hearing. At the hearing, the Plaintiff submitted the affidavits of William E. Whitfield III and Aaron B. Chapin [Doc. 37; P-1; P-2] in support of their entitlement to attorneys' fees and

costs. The Court further reviewed the Motion for Default Judgment and affidavits to determine the damages to which the Plaintiff would be entitled. Thereafter, the Court dictated its findings of fact and conclusions of law into the record.

7. The facts of the Verified Complaint [1] support Plaintiff's claim for judgment arising from the loan and security agreements entered into by Defendant LNM, and Defendant LNM's wrongful possession of the Collateral.[1] The facts establish Plaintiff's claims for breach of contract, claim & delivery, and injunctive relief.

**IT IS THEREFORE, ORDERED AND ADJUDGED** that:

A. Judgment is hereby entered in favor of Plaintiff and against Defendant, LNM Enterprises LLC, in the total amount of $391,702.96, comprised of the following: principal and interest accruing prior to February 13, 2023 in the amount of $294,003.80; interest accruing at the rate of $139.53 *per diem* from February 13, 2023 to May 30, 2024 in the total amount of $65,858.16; and Plaintiff's reasonable attorneys' fees and expenses in the total amount of $31,841.00;

B. A Writ for Possession is entered against Defendant as follows:

  a. Plaintiff is entitled to the immediate possession of the Collateral, identified in the Motion and summarized as follows:

| Year | Make | Model | VIN |
|---|---|---|---|
| 2016 | Peterbilt | 579-Series | 1XPBDP9X6GD307955 |
| 2017 | Kenworth | T680-Series | 1XKYD49X9HJ144171 |

---

[1] Capitalized terms used herein, not otherwise defined, shall be given the meaning assigned to such term in the Motion [33].

3

| 2017 | Kenworth | T-680 Series | 1XKYDP9X7HJ150925 |
| 2018 | Kenworth | T-680 Series | 1XKYDP9X8JJ193658 |

b. Defendant and any of its responsible managing agents, officers, directors, or employees (acting within the scope of his or her office or employment), any other person or entity in active concert or participation with Defendant having actual notice of this Order by personal service or otherwise, is hereby enjoined and restrained (i) from transporting, using, pledging, encumbering, selling, transferring, or disposing of the Collateral either in the operation of the business of Defendant or otherwise, except as may be necessary to move or transport the Collateral in order to comply with this Order; and (ii) from restricting, limiting, or conditioning either the access of Plaintiff to the Collateral, or Plaintiff's ability to take possession of the Collateral.

c. Defendant and any of their respective responsible managing agents, officers, directors, or employees (acting within the scope of his or her office or employment), and any other person or entity in active concert or participation with Defendant having actual notice of this Order by personal service or otherwise, are hereby required to (i) contact Plaintiff's representative, as set forth in sub-paragraph (e) below, by the end of the next business day after receiving notice of this Order and disclose the precise location of each and every item of Collateral; and (ii) by the end of the second business day after receiving notice of

4

    this Order, surrender the Collateral in its possession, custody, or control to Plaintiff at one or more locations to be designated by Plaintiff's representative and take all actions necessary to allow Plaintiff to obtain access to and possession of the Collateral, including terminating sub-leases, if any, and obtaining the Collateral from any third parties who may have possession, custody, or control over the Collateral including, but not limited to, third party sub-lessors.

d. Defendant shall immediately notify all of its responsible managing agents, officers, directors, and employees of the entry of this Order and the terms thereof.

e. Plaintiff's representative for purposes of this Order is:

        Nolan Broadie
        319-832-3512
        Nolan.Broadie@bmo.com

f. Upon request of Plaintiff, the Federal Marshal or Sheriff where the Collateral may be situated, or any duly authorized representative(s) of the same, is directed to seize the Collateral by any and all legal means. If the Collateral, or any of it, is concealed in a building or elsewhere, and a demand made by the Marshal and/or its representative(s) for its delivery is refused or there is no response, then the Marshal shall cause the building or other enclosure to be broken open and shall take the Collateral therefrom, or, alternatively, shall secure the building or other enclosure by any reasonable means including, without limitation,

5

       changing the locks of the building or other enclosure. No bond is required and the bond previously posted in this matter shall be dissolved. The Marshal shall not require the Plaintiff to post a bond to enforce this order.

      g. The Court retains jurisdiction to enforce the provisions of this Writ for Possession.

C. This is a final order, the terms of which are effective immediately.

**IT IS, THEREFORE ORDERED AND ADJUDGED** that, Judgment is hereby entered in favor of Plaintiff and against Defendant, LNM Enterprises LLC, in the total amount of $391,702.96, comprised of the following: principal and interest accruing prior to February 13, 2023 in the amount of $294,003.80; interest accruing at the rate of $139.53 *per diem* from February 13, 2023 to May 30, 2024 in the total amount of $65,858.16; and Plaintiff's reasonable attorneys' fees and expenses in the total amount of $31,841.00. Plaintiff is also entitled to post-judgment interest at the prescribed federal rate according to 28 U.S.C. § 1961.

**SO ORDERED AND ADJUDGED**, this the 11th day of June, 2024.

                                             *s/ Halil Suleyman Ozerden*
                                             HALIL SULEYMAN OZERDEN
                                             UNITED STATES DISTRICT JUDGE

**Submitted by:**
William E. Whitfield, III, Esq.
Copeland, Cook, Taylor & Bush PA
Gulfport, Miss. 39502
(228) 863-6101
Attorney for BMO Harris Bank NA.